UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE FRY, JR.,** | ) | CASE NO.  5:13CR471 |
| | ) | 5:16CV2536 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Lawrence Fry, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 33.  The petition is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

In his petition, Fry contends that his prior drug trafficking convictions no longer qualify as predicate offenses to support his designation as a career offender.  The Court finds no merit in this contention.

1

On two separate instances, Fry was convicted of drug trafficking in violation of Ohio Revised Code 2925.03. Fry, however, contends that *Mathis v. United States*, 579 U.S. ___, 136 S.Ct. 2243, compels this Court to revisit his sentence. A colleague in the Southern District of Ohio has addressed the precise argument raised by Fry herein.

> *Mathis* is not at all concerned with the question raised in this Motion to Vacate. Rather, it sharpened the Supreme Court's analysis of what counts as a prior violent felony under the Armed Career Criminal Act ("ACCA"). Jones was not charged or sentenced under the ACCA, but under the Career Offender portion of the Sentencing Guidelines. The Guidelines' definition of a prior "crime of violence" parallels the definition of "violent felony" under the ACCA. U.S.S.G. § 4B1.2(a). However, its definition of "controlled substance offense" is separate in § 4B1.2(b) which provides:
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> Determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under this Guideline does not require comparing the elements of the offense with any "generic" controlled substance offense.

*United States v. Jones*, No. 1:06-CR-073, 2016 WL 6993399, at *1–2 (S.D. Ohio Nov. 30, 2016). Similarly, Fry cannot rely upon *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). "Quite unlike [Petitioner], Montanez's argument was that because his offenses involve only the knowing possession of drugs, and do not have, as an element of the crime, proof of 'intent to manufacture, import, export, distribute, or dispense,' U.S.S.G. § 4B1.1, then his convictions cannot qualify as controlled substance offenses under the Guidelines for purpose of career-offender designation. *Montanez*, 442 F.3d at 489. Thus, *Montanez* is readily distinguishable from the instant case, and is of no avail to [Petitioner]." *United States v. Lockett*, 359 F. App'x 598, 608 (6th Cir. 2009)

The undersigned reaches the same conclusions herein. *Mathis* is inapplicable to the issue presented herein. Moreover, it is clear from a review of Fry's PSR that he his two prior convictions

involved *trafficking* in cocaine. Accordingly, *Montanez* offers him no support, just as it offered Lockett no support.

Fry's prior offenses remain predicate offenses that support the career offender enhancement. Accordingly, his petition lacks merit.

### III. CONCLUSION

For the foregoing reasons, Petitioner Lawrence Fry, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **hereby DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: February 23, 2017  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**